# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 6:19-CR-00025-JDK |
| § | |
| v. § | |
| § | |
| TIMOTHY DWAYNE HENSON (4), § | |
| § | |
| Defendant. § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 26, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Timothy Dwayne Henson. The government was represented Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class B felony. This offense carried statutory maximum imprisonment terms of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of I, was 57 to 71 months. On September 10, 2020, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 65 months imprisonment, followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, obtain a high school equivalency certificate, and pay a $100.00 special assessment. On March 27, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

1

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on December 5 and 19, 2023, and January 11, and March 18, 2024, when he admitted to using and tested positive for methamphetamine, a controlled substance. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code § 481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 9 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 9 months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 26th day of April, 2024.**

*[signature]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE